*569 OPINION.
Black :
The evidence in this proceeding establishes that the agreement which Buchalter, Block, Bronstein and Karsh had with Georgia A. Barth, to lease from her the William Penn Hotel property in the city of Denver for a rental of $22,000 per annum for a period of ten years, had a fair market value at the time it was paid in to petitioner of at least $50,000. When the petitioner issued and delivered its capital stock of the par value of $49,996 in payment for the assignment of the lease, it acquired something of value for such payment which it is entitled to exhaust over the term of the lease. *570 In Polar Ice Cream & Supply Co., 13 B. T. A. 1054, we said: “A lease has an actual cash value or fair market value only when the value of the rights granted thereunder is in excess of the payments and obligations imposed on the lessee.”
We have found that the fair rental value of the premises was $2,560 per month. The rent agreed to be paid was $1,833.33 per month. The petitioner contends that the saving spread over the life of the ten-year lease was a large amount and made the agreement for the lease worth at least $50,000 in excess of the rentals reserved at the time it was paid in to the petitioner. We are of the opinion that this contention is correct. Numerous witnesses, whose qualification to testify as to value of hotel leases seemed well established, testified that the lease had a fair market value in 1920, at the time it was paid in to petitioner, of at least $50,000.
It having been established that petitioner had acquired the lease at a cost of $49,996, paid by the issuance of its common stock, it is entitled to take a deduction in each of the taxable years ending June 30, 1922, and 1923, of one-tenth of that amount on account of the exhaustion of petitioner’s equity in the leasehold. Robert Treat Hotel Co., 20 B. T. A. 968; Washington Hotel Co., 4 B. T. A. 441. As to the amount which petitioner is entitled to deduct for exhaustion of this leasehold for the fiscal year ending June 30, 1924, more will be said later.
The petitioner makes the further contention that the lease had a value of $50,000 for invested capital purposes for the fiscal year ending June 30, 1922. Section 331 of the Revenue Act of 1921 provides as follows:
That in the case of * * * change of ownership of property after March 3, 1917, if an interest or control in such * * * property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: Provide&, That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development * * *.
The only cost to the individuals in obtaining the lease which was exchanged for the petitioner’s stock was the $4,000 detailed in our findings of fact. Accordingly, the value of the lease for purposes of invested capital must be limited by virtue of section 331, above quoted, to the $4,000 cost.
In 1923, after the lease had been extended for an additional period of ten years, the petitioner sublet the hotel part of the premises *571 for a period of ten years for an annual rental of $22,000, which was the same amount as the rental agreed to be paid by the petitioner on the entire premises, and $500 per month additional as rent on the furniture, and retained the nine stores on the street floor. This sublease was made in further consideration of a bonus payment of $19,182.07 to petitioner, which the respondent has treated as income, while the petitioner contends that it is a return of capital. The contention of petitioner on this point can not be sustained. This bonus was income to petitioner in the year when it was received. James M. Butler, 19 B. T. A. 718; Douglas Properties, Inc., 21 B. T. A. 347. Respondent committed no error in including in petitioner’s income the $19,182.07 which it received as a bonus for the sublease to Levy and Block.
As pointed out in our findings of fact, on July 16, 1923, petitioner, by a payment of $1,000, secured a ten-year extension of the term of the original lease, so that the lease would expire in 1940 instead of 1930. This made the original lease and the extension thereof cost petitioner $50,996 and for the fiscal year ending June 30,1924, petitioner was entitled to take a deduction of one-seventeenth of the unexhausted cost of the lease as extended.
In other words, when petitioner secured an extension of the lease for ten more years in 1923, a new basis for exhaustion of the lease arose and that basis is as outlined above.
Reviewed by the Board.

Decision 'will be entered, vmder Rule 50.